# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martin Ogden, | No. CV-20-01490-PHX-CDB |
| Plaintiff, | **ORDER** |
| v. | |
| Digital Intelligence Systems LLC, | |
| Defendant. | |

Before the Court are Plaintiff Martin Ogden's ("Ogden") Amended Complaint (Doc. 10) and Application for Leave to Proceed in Forma Pauperis (Doc. 2). The matter was referred to Magistrate Judge Camille D. Bibles for a Report and Recommendation. (Doc. 3.) On August 18, 2020, the Magistrate Judge filed a Report and Recommendation, recommending that Ogden's Amended Complaint and this matter, in its entirety, be dismissed with prejudice. (Doc. 11.) The Magistrate Judge further recommended that Ogden's Application for Leave to Proceed in Forma Pauperis be denied as moot. (Id.) Ogden filed objections to the Magistrate Judge's Report and Recommendation and, subsequently, filed amended objections to the Magistrate Judge's Report and Recommendation.[1] (Docs. 12; 15.) In addition, Ogden filed a Motion for Leave to Amend Complaint. (Doc. 13.) After considering the Report and Recommendation and Ogden's

---

[1] Ogden's objections and amended objections both fail to comply with LRCiv. 7.2(e)(3), which states that "an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten pages." However, in the interest of justice, the Court will consider Ogden's objections but will strike Ogden's amended objections.

objections thereto, the Court now issues the following ruling.

I.   **BACKGROUND**

On December 2, 2013, Ogden began working for Digital Intelligence Systems LLC ("DISYS"). (Doc. 11 at 6.) As a term and condition of his employment, Ogden executed an Employee Arbitration Agreement. (Id.) Then, on June 26, 2015, "DISYS involuntarily terminated Ogden's employment." (Doc. 10 at 3.)

In accordance with the Employee Arbitration Agreement, Ogden alleged ten claims against DISYS and provided written notice of the claims to DISYS. (Id.) Based on his claims, Ogden asserts that Ogden and DISYS engaged in and completed the first two, of three, phases of the Alternative Dispute Resolution process outlined in the Employee Arbitration Agreement. (Id.)

On April 15, 2016, DISYS accepted Ogden's settlement demand. (Id.) Ogden then emailed DISYS to confirm that the settlement would consist of a take-home amount of no less than $13,810.00. (Id.) Despite Ogden's email to DISYS and DISYS's confirmation of receipt of the email, Ogden alleges that he only received "79.5% … of the agreed upon amount of settlement payment monies." (Id. at 4.) Ogden alerted DISYS of the deficiency and, because the "payment deficiency was, indisputably, a 'controversy' that arose out of, and related to Ogden's employment relationship with DISYS or … 'the termination of that relationship,'" Ogden began the process of initiating the third phase of the Alternative Dispute Resolution process (Id.)

Ogden alleges that, as mandated by the Employee Arbitration Rules and Mediation Procedures, Ogden waited 15 days for DISYS to pay its share of the mandatory arbitration filing fees. (Id. at 5.) Ogden alleges that after allowing for the 15-day waiting period and not receiving the "mandatory payment of its contractually obligated share of the arbitration filing fees from DISYS," Ogden sent DISYS a total of three letters demanding for payment of DISYS's share of the arbitration filing fees. (Id.)

Ogden alleges that after DISYS's refusal to pay "its contractually obligated share of the arbitration filing fees," he was left with little recourse. (Id. at 5-6.) As a result, on July

27, 2020, Ogden filed his pro se complaint in federal court "requesting the Court to issue an order directing [DISYS] to resume and complete the third and final phase of the alternative dispute resolution process, as outlined in the parties' arbitration agreement." (Doc. 1 at 1.) However, Ogden named CDI Corporation as the only defendant in his complaint. (Id.) Ogden also filed an application for leave to proceed in forma pauperis. (Doc. 2.) Then, Ogden filed his Amended Complaint naming DISYS as the only defendant and similarly requesting that the Court "issue an order directing [DISYS] to resume and complete the third and final phase of the alternative dispute resolution process, as outlined in the parties' arbitration agreement." (Doc. 10 at 1.)

The instant matter was assigned to Magistrate Judge Camille D. Bibles. (Doc. 3.) The Magistrate Judge recommended that Ogden's Amended Complaint and this matter, in its entirety, be dismissed with prejudice. (Doc. 11.) The Magistrate Judge further recommended that Ogden's Application for Leave to Proceed in Forma Pauperis be denied as moot. (Id.)

This matter is now before this Court pursuant to General Order 18-20, filed by the Chief Judge on September 18, 2018, which designates this Court's authority to review the matter and sign an order of dismissal in an action where in the United States Magistrate Judge to whom the action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lack the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge.[2]

## II. STANDARD OF REVIEW

When reviewing a Magistrate Judge's Report and Recommendation, this Court "shall make a de novo determination of those portions of the report…to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified

---

[2] All General Orders are posted for viewing on the district's public internet site at http://www.azd.uscourts.gov/general-orders.

Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

Rule 72(b)(3) of the Federal Rules of Civil Procedure requires a district judge to review de novo those portions of the Report and Recommendation that have been "*properly objected to.*" Fed. R. Civ. P. 72(b)(3) (emphasis added). A proper objection requires "*specific written objections* to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). The Court will not review generalized objections, nor undertake a global reevaluation of the merits of Petitioner's grounds for relief. Warling v. Ryan, No. CV 12-01396-PHX-DGC(SPL), 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (citation omitted).

## III. DISCUSSION

Ogden filed objections in opposition to the Magistrate Judge's Report and Recommendation. (Doc. 12.) In his objections, Ogden first states that the Federal Arbitration Act ("FAA") governs the Court's analysis of arbitration agreements and requires the Court to only determine whether a valid agreement to arbitrate exists and, if it does, whether the agreement encompasses the dispute at issue, leaving no place for the exercise of discretion. (Id. at 2.) Next, Ogden objects to the Magistrate Judge's recommendation that "DISYS has not been served nor has it appeared," stating that he included in his filing of his Amended Complaint a signed certificate of service. (Id. at 5.) Ogden next objects to the Magistrate Judge's recommendation that Ogden's Amended Complaint does not comport with the rules of constructing a proper pleading. (Id. at 5.) Ogden states that in filing the instant matter before the Court, Ogden did not intend to have any claim decided by this Court, but instead merely intended this Court to decide whether (1) a valid arbitration agreement exists between Ogden and DISYS; (2) DISYS has complied with the terms of the agreement; and (3) the resolution of the claims made against DISYS are within the scope of the parties' arbitration agreement. (Id. at 5-6.)

Next, Ogden objects to the Magistrate Judge's recommendation that this Court does not have jurisdiction over the instant matter. (Id. at 8.) Ogden states that if the Court grants Ogden's Motion for Leave to Amend, "the jurisdictional issues noted in the R&R will be

remedied." (Id. at 9.) Ogden further objects to the Magistrate Judge's recommendation that Ogden has failed to state a claim in his Amended Complaint. (Id. at 9.) Ogden, again, states that he does not intend to state a claim against DISYS, but merely intends for this Court to review the validity of the parties' arbitration agreement. (Id. at 9-10.) Finally, Ogden objects to the Magistrate Judge's recommendation on Ogden's Application to Proceed in Forma Pauperis. (Id. at 13.) Ogden states that he was already granted in forma pauperis status in state court proceedings and his financial situation since then has not improved. (Id. at 13.)

Here, after considering the Report and Recommendation and Ogden's objections, the Court adopts the Magistrate Judge's Report and Recommendation. While Ogden alleges that any deficiencies in his Amended Complaint can be cured if he is granted leave to amend, that is not the case. This Court does not have jurisdiction to proceed on this matter because this matter has already been decided by a state court and an amendment to Ogden's Amended Complaint will not remedy the Court's jurisdiction. As noted by the Magistrate Judge, Ogden has previously brought the instant matter before the Superior Court of Arizona, the Arizona Court of Appeals, and the Arizona Supreme Court.[3] (Doc. 10 at 2.) In fact, Ogden cites language from the superior court's decision in this matter and, thereafter, states that he has already brought the underlying issues of this matter to the state court's attention "no less than six times." (Doc. 10 at 7-8.) Ogden goes on to state that "legal error" would offer both a plausible explanation for the superior court's decision and a means of disposition of the instant action." (Id. at 10.)  Accordingly, this matter has already been resolved in state court proceedings. Thus, because Ogden is, in essence, asking the Court to review a matter already decided by the state court, which the Court may not do, the Court dismisses without prejudice his complaint. See Noel v. Hall, 341 F.3d 1148 (9th Cir. 2003)("It is a forbidden de facto appeal under Rooker-Feldman when the plaintiff in federal district court complains of a legal wrong allegedly committed by a state court[] and seeks relief from the judgment of that court.").

---

[3] Respective case numbers for the state court cases are as follows: CV-2016-052899; 1 CA-CV 17-0406; CV-19-0039-PR. (Doc. 10 at 2.)

Therefore, after reviewing the Magistrate Judge's Report and Recommendation and Ogden's objection, and determining that this Court lacks jurisdiction over the instant matter, the Court adopts the Magistrate Judge's Report and Recommendation.

### IV.   CONCLUSION

Based on the foregoing,

**IT IS HEREBY ORDERED adopting** the Report and Recommendation of Magistrate Judge Camille D. Bibles. (Doc. 11.)

**IT IS FURTHER ORDERED dismissing with prejudice** Ogden's Amended Complaint. (Doc. 10.)

**IT IS FURTHER ORDERED denying as moot** Ogden's Application for Leave to Proceed In Forma Pauperis. (Doc. 2.)

**IT IS FURTHER ORDERED denying as moot** Ogden's Motion to Amend Complaint. (Doc. 13.)

**IT IS FURTHER ORDERED kindly directing** the Clerk of the Court to terminate the above-named action in its entirety.

Dated this 22nd day of October, 2020.

_____
Honorable Stephen M. McNamee
Senior United States District Judge

cc: Magistrate Judge Bibles